Edward G. Wetzel v. Commissioner.
Edward G. Wetzel v. Commissioner
Docket No. 10293.
United States Tax Court
1947 Tax Ct. Memo LEXIS 230; 6 T.C.M. (CCH) 412; T.C.M. (RIA) 47104; April 27, 1947
*230 Gilbert E. Morcroft, Esq., for the petitioner. Stanley W. Herzfeld, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $25,556.53 in the petitioner's income and victory tax for the calendar year 1943. The Commissioner explained in the notice of deficiency "that your distributive share of the net income of the partnership firm of Hargrove Construction Co. for the taxable year August 1, 1943 to December 31, 1943 amounted to $51,986.91 rather than $10,610.93 as reported in your return." The petitioner had reported one-third of the income of that partnership for that period upon the theory that he, his wife, and their daughter were equal partners. The parties have now stipulated that the net income of the Hargrove Construction Company for the period in question was $33,200.84. Thus, even if the petitioner were right in reporting only one-third, nevertheless, he reported too little. The only issue for decision in this case is whether there was a partnership between the petitioner, his wife, and their daughter which properly may be recognized for income tax purposes. Findings of Fact The petitioner *231 filed his separate individual income tax return for 1943 with the collector of internal revenue for the twenty-third district of Pennsylvania. The petitioner and his wife, Helen M. Wetzel, have been married for a number of years. They have three children. Their oldest child was married in December 1943 and her name is now Emma Louise Wetzel Fischl. She was 23, her sister was 21, and her brother was 16 in 1943. Hargrove Construction Company, Inc., a corporation, was organized in June 1936. Helen paid $2,500 into the corporation for one-half of its stock. The other one-half of the stock was owned by John S. Hunter. The petitioner owned none of the stock of that corporation at that time. Helen bought out Hunter's interest for about $2,500 in 1938. The money which she invested in this corporation was her own separate money and none came from the petitioner. The petitioner was holding one share and Helen held the other 49 shares in June 1943. Helen turned in her stock at that time and the stock was immediately reissued so that Helen held one-third, Louise held one-third, and the petitioner held one-third. The corporation was dissolved on July 28, 1943, and an undivided one-third of *232 its assets was distributed to each stockholder on July 31, 1943. The petitioner, Helen, and Louise immediately entered into a written partnership agreement under which they contributed the assets of the business to the partnership and agreed to share equally in the profits and losses of the partnership. They filed a certificate at that time in the office of the Prothonotary of Allegheny County, Pennsylvania, and one with the Secretary of the Commonwealth of Pennsylvania, each to the effect that the three of them were carrying on business under the name of Hargrove Construction Company. Books of account were kept thereafter showing the three as equal partners. A bank account was opened in the firm name. Checks on that account signed by any two of the partners would be honored. They all signed checks. The corporation had been engaged in the retail storm door and sash business. It installed almost all of the merchandise which it sold. The petitioner had had experience in that business. He had been an officer and general manager of the corporation. The corporation had paid him a salary ranging from $3,200 in 1938 to about $6,500 in 1937. The corporation had losses in 1936, 1938, 1939 *233 and 1940. It had small profits in 1937, 1941, 1942, and the first seven months in 1943, but its losses for its life exceeded its profits. It never paid a dividend. The petitioner was active in the business of the partnership during the last 5 months of 1943, devoting all of his time and contributing valuable services to it. Helen was never regularly employed by the corporation. She never received a salary from it. The record does not show just what portion of her time she gave to its affairs but she actively participated to some extent in the conduct of its business. She had been its president and was consulted on important matters. She participated in a similar way in the business of the partnership during the last 5 months of 1943. She went with the attorney for the partnership at times to act for the partnership in legal and financial matters. Louise was 23 years old in 1943. She had graduated from a teachers' college and had taught school for a short time. She had worked during her vacations and spare time for the corporation and in that way had become familiar with the business. Her parents wanted her to come into the business with them and she wanted to come into the business, *234 but she insisted upon owning an interest therein. It was partly for that reason and partly for other reasons that the stock in the corporation was divided among the three before it was dissolved. She suggested and urged that the firm should go into the wholesale business. The petitioner did not favor that change. He was overruled when Helen and Louise insisted. The change was made and the wholesale business later proved to be more profitable than the retail business. Louise devoted her full time to and was regularly engaged in the business of the partnership during August 1943. She won a scholarship about that time which entitled her to take an engineering course in Carnegie Institute of Technology and it also gave her funds to cover her expenses. She began the course when the fall semester opened and thereafter during the remainder of 1943 devoted practically all of her time to her studies. However, she did keep in touch with the business of the partnership and she did participate to some extent in its affairs. She gave up her studies and was married late in December 1943. The petitioner, Helen, and Louise joined together and carried on the business as partners during the last 5 *235 months of 1943. Opinion MURDOCK, Judge: This case differs somewhat from many which have come before the Court in which a husband owns and operates a business and ostensibly makes gifts of a share or shares therein to his wife and children. Here the husband did not own the business although he managed it. The wife owned it and she divided her interest with her husband and daughter. Neither the husband nor the daughter contributed any property or money to the business, except that which the wife and mother had just given them. The husband, of course, contributed services to the partnership and the Commissioner not only recognizes him as one entitled to a share of the earnings of the business, but has determined that all of those earnings are taxable to him. It would be difficult to rule out Helen as a legitimate partner, entitled to share in the earnings of this business, in view of the fact that she contributed all of the capital. The evidence in regard to the services which she contributed is not too impressive or convincing, but there can be no doubt that she did participate to some extent in carrying on the partnership business and she did contribute some valuable services. *236 Louise appears in this record as an intelligent, ambitious, and energetic young woman. She had advantages beyond those of her parents. Her father had had little education. The evidence shows that it was her idea and her enthusiasm and insistence which caused the partnership to go into the wholesale business. That business was only getting started in the last 5 months of 1943 but later it proved to be far more profitable than the retail business, although that department was increasing and continued to increase its sales. The parties apparently intended, when the partnership was formed, that Louise would spend all of her time in its business, but she won a valuable scholarship which she felt she could not afford to refuse. Her studies under that scholarship occupied most of her time during the last 4 months of 1943. The services which she rendered to the partnership during the 5 months were nevertheless vital to its success and she can not be ruled out as a real partner in the business. She was vitally interested in it. She was not a mere child put up as a figurehead for the purpose of dividing profits for tax purposes. The respondent does not argue that Helen and Louise failed to *237 share in the profits of the business. The Commissioner erred in taxing more than one-third of the profits to the petitioner. Decision will be entered under Rule 50.